IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DESHAWN M. SMITH,

    Movant,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 2:20-CV-00640
Crim No. 2:14-CR-00127(13)
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has submitted a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 1649.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts ("the Habeas Rules"), the Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id.* The Court is authorized to dismiss a motion that appears legally insufficient on its face, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994), or one that states "only bald legal conclusions with no supporting factual allegations," *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, the Magistrate Judge **RECOMMENDS** that the motion be **DENIED** because it is time-barred.

**Facts and Procedural History**

Pursuant to a superseding indictment, Movant was charged with one count of conspiracy with intent to commit racketeering in violation of 18 U.S.C. § 1962(d) (Count One); one count of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count Thirteen); one count of murder through the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c); 924(j)(1) and 2 (Count Fourteen); one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Thirty-Six); and one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Count Thirty-Seven). (ECF No. 300.) Pursuant to a negotiated plea agreement, Movant pleaded guilty to and was convicted of Count One. (ECF Nos. 1296, 1297, 1463.) In exchange, Respondent agreed to dismiss all other counts. (*Id*.) The Court sentenced Movant to a term of 360 months of imprisonment to be followed by a 5-year term of supervised release and ordered Movant to pay a special assessment and restitution. (ECF No. 1463.) The Court entered judgement of sentence on March 1, 2017. (*Id*.)

Petitioner did not directly appeal that judgment. Instead, on January 16, 2020, Movant executed his motion to vacate. (ECF No. 1649, at PAGE ID # 19591.) In that motion, Movant alleges that he received ineffective assistance of counsel. Specifically, Movant alleges that counsel erred by advising him to plead guilty to murder charges (Ground One) and by failing to argue that conspiracy to violate the RICO statutes does not constitute a crime of violence (Ground Three). (*Id*., at PAGE ID # 19583, 19588.) Movant also alleges that he is entitled to relief because RICO conspiracy does not constitute a crime of violence (Ground Two). (*Id*., at PAGE ID # 19584.) Movant further alleges that his lawyer "ignored [his] request to file a direct appeal." (*Id*., at PAGE ID # 19584.) Movant asserts that his motion should be considered timely

because he "was waiting for [his] lawyer to file [his] notice for [his] appeal, and upon finding out that [the lawyer] failed to do so [Movant] began [his] own research and found that [he] could attack these issues through 28 U.S.C. § 2255." (*Id.*, at PAGE ID # 19590.) Movant also indicates that because he is not a lawyer, he is unfamiliar with the applicable deadlines and that because his facility is subject to many lockdowns, he was hindered in his ability to obtain paperwork that he needs to conduct proper research. (*Id.*) Movant does not indicate when he placed his motion to vacate in the prison mail system. (*Id.*, at PAGE ID # 19591.)

**Law and Analysis**

Movant had 14 days to appeal the March 1, 2017 judgment of sentence. *See* Fed. App. R. 4(b)(1)(A). Because he did not file a direct appeal, Movant's conviction became final when that 14-day period ended on March 28, 2017. *Harris v. United States*, No. 16-3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to 28 U.S.C § 2255(f)(1), the one-year statute of limitations to file a motion to vacate under § 2255 began to run the next day, and it expired on March 29, 2018.

The Magistrate Judge cannot determine the exact date that Movant filed his motion to vacate. Pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72 (1988), a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the day that it is submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Movant does not indicate when he placed the motion in the prison mail system. (ECF No. 1649, at PAGE ID # 19591.) Movant, however, indicates that he executed his motion on

3

January 16, 2020—almost two years after the statute of limitations had already expired. Thus, even if Movant had placed his motion in the mail system on the same day that he executed it, the motion would be untimely.

A motion to vacate under § 2255 can be timely, however, if it is filed within one year of the date on which any government-created impediment to filing it is removed, 28 U.S.C. § 2255(f)(2); within one year of the date on which the asserted right was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); or within one year of the date on which facts supporting a claim first could have been discovered through the exercise of due diligence, 28 U.S.C. § 2255(f)(4). Petitioner does not contend that the government caused him to delay the filing of his § 2255 motion or that the motion was based on newly discovered facts.

Nor does Petitioner point to a Supreme Court decision recognizing a new right that was made retroactively applicable to his case on collateral review. Although unclear, Movant perhaps asserts that his case has been impacted by *United States v. Davis*, 139 S.Ct. 2319 (2019), in which the Supreme Court determined that § 924(c)(3)—the so-called residual clause— is unconstitutionally vague. (ECF No. 1649, at PAGE ID # 19591.) Nevertheless, Movant did not plead guilty to and was not convicted of any § 924(c) charges. The Supreme Court's decision in *Davis*, therefore, has no bearing on this case and Movant is not entitled to a different start date for the statute of limitations pursuant to § 2255(f)(3).

Construing the motion liberally, it appears that Movant contends that he is entitled to equitable tolling of the statute of limitations. "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*,

No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)). "[The] habeas petitioner must establish: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Johnson v. United States*, 457 F. App'x. 462, 469 (6th Cir. 2012) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling is applied only sparingly. *United States v. Sferrazza*, 645 F. App'x. 399, 408 (6th Cir. 2016) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Movant is unable to establish that extraordinary circumstances prevented him from timely filing. Movant alleges that he did not know about filing deadlines because he is a lay person and generally alleges that lockdowns hindered his ability obtain paperwork and perform research. Nevertheless, a prisoner's *pro se* incarcerated status, lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011). Such conditions are typical for many prisoners, and thus, they do not constitute extraordinary circumstances. *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016.) Moreover, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, Case No. 17–1693, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 Fed. App'x. 211, 213 (11th Cir. 2007) and *United States v. Fredette*, 191 Fed. App'x. 711, 713 (10th Cir. 2006)). Such is the case here.

5

Movant also asserts that he was waiting for his lawyer to file an appeal, and that after finding out that his lawyer had failed to do so, Movant "began [his] own research and found that he could attack these issues through a section 2255." (ECF No. 1649, at PAGE ID # 19590.) The Magistrate Judge is not convinced that counsel's alleged failure to file a direct appeal constitutes an extraordinary circumstance. Although that a failure might explain why Movant did not file a timely direct appeal, it has no bearing on his failure to file a timely motion to vacate. *See Brown v. United States*, F. App'x. 373, 375 (6th Cir. 2001) ("Ineffective assistance from counsel does not apply in this context, because [the movant] possessed no right to counsel in the prosecution of a § 2255 motion"); *Mote v. United States*, No. 2:12–CR–234, 2018 WL 8544777, at *2, 5 (S.D. Ohio Mar. 6, 2018) (finding that a claim that counsel failed to file an appeal is not egregious misconduct tantamount to abandonment and thus does not constitute an extraordinary circumstance that warrants equitable tolling).

In any event, even if Movant alleged an extraordinary circumstance, he has failed to allege that he pursued his rights diligently. Movant alleges that he was waiting for counsel to file a notice for a direct appeal and that at some point he learned that counsel did not do so. Assuming Movant did, in fact, instruct counsel to file an appeal, he does not allege that he took any steps to monitor the status of his case since March 28, 2017, due date to file a notice of direct appeal. Nor does Movant explain when and how he discovered that no notice of appeal had been filed. And he only summarily describes what steps he took after finding that no appeal had been filed— *i.e.*, he began his own research. In short, Movant simply does not allege that he was diligent. *See id*. (explaining that a 2255 applicant's mistaken belief that his counsel had filed a direct appeal did not excuse his failure to diligently monitor his case and discover that no appeal had been filed); *see also Adams v. United State,* No. 2:13-CV-234, 2014 WL 5369425, at *4

(S.D. Ohio Oct. 21, 2014) (discussing cases where equitable tolling was not warranted even though a petitioner's attorney failed to file a direct appeal).

### Recommended Disposition

For all these reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** because it is time-barred and that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this *Report and Recommendation*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
**CHELSEY M. VASCURA**
**UNITED STATES MAGISTRATE JUDGE**